UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TEN (10) FIREARMS AND ASSOCIATED AMMUNITION SEIZED FROM A RESIDENCE LCOATED ON SUMPTER STREET, LANSING, MICHIGAN, ON OR ABOUT AUGUST 3, 2021,

    Defendant.
_____/

Civil No. 1:22-cv-84

HON. PAUL L. MALONEY
United States District Judge

**JOINT MOTION TO STAY CASE PURSUANT TO 18 U.S.C. § 981(g)**

The United States of America, by and through its attorneys, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, and Brendon Basiga, attorney for claimant Arnon Lake, jointly move this Court to stay this civil forfeiture case pursuant to 18 U.S.C. § 981(g). In support of this motion, the parties respectfully state as follows:

1. On January 31, 2022, the government filed its complaint for forfeiture against the defendant property, ten (10) firearms and associated ammunition seized from a residence located on Sumpter Street, Lansing, Michigan, on or about August 3, 2021, alleging that the defendant property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) because it constitutes firearms or ammunition

involved in any knowing violation of 18 U.S.C. § 924(c), possession of firearms in furtherance of a drug trafficking crime. (R.1, PageID.1-8.)

2. On March 10, 2022, Claimant Arnon Lake, through counsel, filed a timely verified claim to the defendant property, and an answer to the complaint for forfeiture. (R.7, PageID.20-22; R.8, PageID.23-26.) No other claims were received or filed, and the period to claim the defendant property has now expired.

3. Previously, on September 22, 2021, a grand jury returned an indictment charging Clamant Arnon Lake, and others, with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, a felony, in violation of 21 U.S.C. §§ 846, 841(a)(1). *See* 1:21-cr-169-PLM. The trial of the criminal case is scheduled to commence on August 9, 2022. (*See* R.223, PageID.1080-1086 (No. 1:21-cr-169-PLM).)

4. The charges filed against Claimant in Case No. 1:21-cr-169-PLM arise out of a criminal investigation that DEA and ATF, among other agencies, have conducted into the alleged drug conspiracy involving Claimant and others.

5. The defendant property was seized as part of the same criminal investigation during a search of Claimant's residence.

6. The Court may stay a forfeiture action upon the motion of either the government or the claimant, if certain conditions are satisfied. Specifically, "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related

criminal case." 18 U.S.C. § 981(g)(1). Similarly, '[u]pon motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that – (A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case." 18 U.S.C. § 981(g)(2).

7. Section 981(g)(1) does not require "a particularized showing of prejudice or specific harm; rather, all that the Court must determine is whether the civil discovery will interfere with the criminal investigation." *United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180 (C.D. Cal. 2011). Indeed, "more specific disclosure of prejudice through a detailed evidentiary support will only result in the very prejudice to the criminal proceeding that the Government seeks to avoid." *Id.* Accordingly, courts have "routinely issued Section 981(g)(1) stays on the basis of the Government's allegations of likely prejudice to the criminal proceeding caused by the civil discovery." *Id.*

8. Moreover, the outcome of the criminal prosecution will likely materially advance the resolution of this civil forfeiture matter. Other courts have stayed civil forfeiture proceedings where civil discovery might interfere with an ongoing criminal investigation. *E.g., United States v. $247,052.54*, 2007 WL 2009799, *2 (N.D. Cal. 2007) (denying claimant's motion to lift stay because, if discovery were permitted to proceed in civil forfeiture case, government's need to depose witnesses would expose

witnesses to cross-examination and would thereby prematurely expose government's trial strategy for related criminal prosecution); *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325 (D. Wyo. 2001) (granting stay of civil forfeiture matter because discovery in that matter might have interfered with the ongoing criminal investigation).

9. Claimant Arnon Lake, by and through his attorney, Brendon Basiga, joins in this motion because the conditions set forth in Section 981(g)(2) are also satisfied here.

WHEREFORE, the parties jointly respectfully request a stay of this civil forfeiture case until the related criminal charges filed against Claimant Arnon Lake in Case No. 1:21-cr-169-PLM are resolved. A proposed order is attached.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Date: May 4, 2022

/s/ Daniel T. McGraw
DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49503
(616) 456-2404

Date: May 4, 2022

/s/ Brendon Basiga w/ permission
BRENDON BASIGA
Attorney for Arnon Lake
909 N. Washington Avenue
Lansing, Michigan 48906
(517) 708-7830